UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE GARCIA,

    Plaintiff,

v.                                          Case No:   8:17-cv-1878-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Jose Garcia, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability, DIB and SSI on March 3, 2014, alleging a disability onset date of November 2, 2010. (Tr. 269-76). Plaintiff's claims were denied at the initial and reconsideration levels. Plaintiff requested a hearing and, on October 26, 2016, an administrative hearing was held before Administrative Law Judge Gonzalo Vallecillo ("the ALJ"). (Tr. 61-93). On December 22, 2016, the ALJ entered a decision finding that Plaintiff was not under a disability from November 2, 2010, through the date of the decision. (Tr. 46-55). Plaintiff filed a request for review which the Appeals Council denied on June 8, 2017. (Tr. 1-7). Plaintiff initiated this action by filing a Complaint (Doc. 1) on August 8, 2017.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 2, 2010, the alleged onset date. (Tr. 48). At step two, the ALJ found that Plaintiff had the following severe impairments: back disorder characterized by sclerosis and degenerative narrowing of the posterior elements at the L4-5 and L5-S1 and degenerative changes in the cervical spine. (Tr. 48). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 50).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Function by function, the claimant is able to lift and carry 20 pounds occasionally, and 10 pounds frequently, as well as stand and/or walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. The claimant is able to occasionally climb ramps/stairs, ladders/ropes/scaffolds, as well as balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to extreme cold, heat, hazards, fumes, odors, dusts, gases, and poor ventilation.

(Tr. 51). At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as an automobile salesperson and a sales representative, as such work does not require the performance of work-related activities precluded by his RFC. (Tr. 54). The ALJ concluded that Plaintiff had not been under a disability from November 2, 2010, through the date of the decision, December 22, 2016. (Tr. 55).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by improperly evaluating Plaintiff's psychological impairments. Plaintiff contends that the ALJ substituted his opinion regarding the severity of Plaintiff's psychological impairments in place of the expert medical opinion evidence. (Doc. 23 p. 6-9). In response, Defendant argues that the ALJ properly weighed the medical opinions, and substantial evidence supports his finding that Plaintiff did not have a severe mental impairment and that he could perform a range of light work. (Doc. 23 p. 15).

The record shows that in March 2014, Plaintiff received treatment at Gracepoint following his complaints of depression (Tr. 367-373). Plaintiff reported that he was easily fatigued, irritable, suffering from mood swings, and feeling worthless, as well as hopeless (Tr. 367). Plaintiff also reported that during mood swings he had trouble managing his anger and had become violent and broken items, as well as punched holes in walls (Tr. 367). During the evaluation, Plaintiff reported

- 5 -

having been prescribed Xanax in the past and reported some benefit. (Tr. 370). Plaintiff also reported drinking quite a bit of alcohol and that he gets hung over (Tr. 370). Christina Boulding, LCSW, diagnosed Plaintiff with post-traumatic stress disorder, anxiety disorder, and assessed his Global Assessment of Functioning (GAF) score at 50, which is consistent with serious limitations in social and occupational functioning, and was urged Plaintiff to seek outpatient therapy and medication management (Tr. 370-371). Plaintiff declined outpatient therapy but expressed interest in undergoing a medication evaluation (Tr. 371).

In November 2014, state agency medical consultant, J. Patrick Peterson, Ph. D., J.D., reviewed Plaintiff's medical record and concluded that he did not have restrictions in activities of daily living, and mild difficulties in social functioning, and maintaining concentration, persistence or pace (Tr. 99-100).

In December 2014, state agency consultant Heather J. Hernandez, Ph.D. reviewed Plaintiff's medical record and opined that Plaintiff had an anxiety disorder, and that this disorder was severe and posed moderate limitations on the claimant's ability to engage in social functioning and mild limitations in maintaining concentration. (Tr. 124). Dr. Hernandez stated that the totality of the evidence supports a severe medically determinable impairment of anxiety disorder, but that this disorder does not preclude simple, routine tasks. She further stated that the claimant has a moderate impairment in social functioning, but is able to interact with and relate to others in low social demand work setting. (Tr. 124).

In his decision, the ALJ addressed the medical opinions pertaining to Plaintiff's mental impairment as follows:

> Additionally, the claimant briefly sought treatment at Gracepoint for depression, and during his initial evaluation, he was assigned a GAF score of 50, which is consistent with serious limitations (Exhibit 1F, page 9). The undersigned does not concur with this opinion as GAF scores are not

an accurate measure of the claimant's long-term functioning and limitations, and are more similar to a snapshot. To that end, the undersigned has accorded this opinion little weight.

The undersigned has also considered the opinions of the State agency medical consultants. Dr. J. Patrick Peterson reviewed the evidence in the record and opined that the claimant has no restriction in activities of daily living, and mild difficulties in social functioning, and maintaining concentration, persistence or pace (Exhibits 2A, and 4A, page 6). The undersigned has accorded Dr. Peterson's opinion some weight, as the limitations she has accorded the claimant are consistent with the evidence in the record and his reported symptoms (Exhibit 1F). Subsequently, Dr. Heather Hernandez reviewed the evidence in the record and opined the claimant suffers from a mild restriction in activities of daily living, and maintaining concentration, persistence or pace, and moderate difficulties in social functioning (Exhibits 6A, and 8A, page 6). The undersigned does not concur with Dr. Hernandez's opinion, as there is no evidence in the record to substantiate moderate difficulties in social functioning based on the limited evidence in the record from Gracepoint (Exhibit 1F).

(Tr. 53-54).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc Sec.,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

Here, the Court finds no error in the ALJ's treatment of the mental impairment opinion evidence. The ALJ evaluated each opinion concerning Plaintiff's mental functioning and explained his reasoning in weighing the evidence. As to the evidence from Gracepoint, the ALJ

correctly noted that Global Assessment of Functioning scores are not accurate measures of a claimant's long-term functioning and limitations. *See* Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50,746, 50,764-65 (Aug. 21, 2000) (providing that the Commissioner has declined to endorse the use of GAF scores in disability programs).

Further, the ALJ properly evaluated the opinions of the state agency consultants. State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The ALJ noted that he assigned some weight to Dr. Peterson's opinion, as his limitations were consistent with the evidence of record, but no weight to Dr. Hernandez's opinion because it was not supported by evidence of record. The ALJ did not substitute his opinion in place of that of the state agency consultants, but properly explained his reasoning in weighing their opinions.

Plaintiff has failed to demonstrate that the ALJ erred in his evaluation of the mental impairment evidence. Accordingly, the Court will not disturb the ALJ's findings on review.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties